# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3360

_____

United States of America,            *
                                     *
      Plaintiff - Appellee,        *
                                     *   Appeal from the United States
    v.                               *   District Court for the
                                     *   Western District of Arkansas.
Bernardo Antonio Ruiz,               *
                                     *   [PUBLISHED]
      Defendant - Appellant.       *

_____

Submitted: June 8, 2009
Filed: June 18, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bernardo Ruiz pleaded conditionally guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C.§ 841, and was sentenced to sixty months imprisonment. He appeals the district court's[1] denial of his motion to suppress. We affirm.

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

On June 7, 2007, Ruiz was driving a commercial truck in Arkansas on eastbound Interstate 30 when he entered a weigh station displaying a lighted sign directing all trucks to exit the Interstate and proceed to the weigh station for inspection. Upon entry into the weigh station, Arkansas Highway Police Corporal Tim Choate noticed the cab of Ruiz's truck was not displaying the required United States Department of Transportation registration number. Pursuant to the Arkansas Motor Carrier Act, Ark. Stat. Ann. §§ 23-13-201–23-13-265, Corporal Choate inspected Ruiz's log book, driver's license, shipping papers, insurance, and registration. See id. § 23-13-217(c)(1)(A). He then opened the trailer to inspect the cargo, see id. at (c)(1)(B), and immediately recognized a strong marijuana odor coming from the trailer's cargo. When he opened one of the pallets of collapsible plastic trays in the cargo area, Corporal Choate found marijuana. Ruiz was arrested for possession of marijuana with intent to distribute. He moved to suppress the marijuana seized from his commercial truck, arguing the search was unconstitutional. After the district court denied his motion to suppress, Ruiz pleaded conditionally guilty.

We review the district court's factual conclusions on a motion to suppress for clear error and its legal conclusions de novo. United States v. Guzman-Tlaseca, 546 F.3d 571, 576 (8th Cir. 2008).

In New York v. Burger, 482 U.S. 691 (1987), the Supreme Court held a warrantless search of a closely-regulated industry is constitutional if the three-part test delineated in Court's opinion is met. Id. at 702. We have held "[c]ommercial trucking is a closely-regulated industry within the meaning of Burger." United States v. Mendoza-Gonzalez, 363 F.3d 788, 794 (8th Cir. 2004). Thus, the Arkansas Motor Carrier Act is constitutional if: (1) the regulatory scheme advances a substantial government interest; (2) warrantless inspections are necessary to further the regulatory scheme; and (3) the rules governing the inspections must be a constitutionally adequate substitute to a warrant, i.e. provide notice of a potential search and limit the

time, place, and scope of the search.  See Burger, 482 U.S. at 702-03; W. States Cattle Co. v. Edwards, 895 F.2d 438, 441 (8th Cir. 1990).

Our sister circuits that have considered the issue have all held warrantless inspections of commercial trucks advance a substantial governmental interest and are necessary, see United States v. Delgado, 545 F.3d 1195, 1202 (9th Cir. 2008), United States v. Maldonado, 356 F.3d 130, 135-36 (1st Cir. 2004), United States v. Fort, 248 F.3d 479, 481 (5th Cir. 2001), United States v. Vasquez-Castillo, 258 F.3d 1207, 1211 (10th Cir. 2001), United States v. Dominguez-Prieto, 923 F.2d 464, 468-69 (6th Cir. 1991), and we have implicitly so held, see United States v. Mendoza-Gonzalez, 363 F.3d 788, 793-94 (8th Cir. 2004),  United States v. Knight, 306 F.3d 534, 535 (8th Cir. 2002).  We are thus persuaded that warrantless inspections of commercial trucks advance a substantial governmental interest and are necessary.

We next find the Arkansas Motor Carrier Act provides a permissible warrant substitute.  Its reach is limited to certain commercial vehicles.  Ark. Stat. Ann. §§ 23-13-203, -204, and -206; see also Dominguez v. State, 720 S.W.2d 703, 705-06 (Ark. 1986).  It provides notice to commercial truck drivers of the possibility of a roadside inspection by a designated enforcement officer.  Ark. Stat. Ann. § 23-13-217.  And it limits the scope of the enforcement officers' inspections to an examination solely for regulatory compliance.  Id. at (c)(1) & (c)(1)(B) (enforcement officer may "[i]nspect the contents of the vehicle for the purpose of comparing the contents with bills of lading, waybills, invoices, or other evidence of ownership or of transportation for compensation").  Finally, although the Arkansas Motor Carrier Act does not designate specific times when the enforcement officers may conduct inspections, as the Sixth Circuit held, "[s]uch a limitation would, of course, render the entire inspection scheme unworkable and meaningless. Trucks operate twenty-four hours a day and the officers must, necessarily, have the authority to conduct these administrative inspections at any time." Dominguez-Prieto, 923 F.2d at 470; see also Delgado, 545 F.3d at 1203 n.6 (quoting the same).

We thus conclude Corporal Choate's search of the cargo of Ruiz's commercial truck pursuant to the Arkansas Motor Carrier Act did not violate the Fourth Amendment.

Ruiz also argues that any consent by him to search the truck was involuntary, and that some of his statements were obtained involuntarily. As the judgment is based on findings of fact that are not clearly erroneous, we reject these arguments. <u>See</u> 8th Cir. R. 47B.

For these reasons, the judgment of the district court is affirmed.

_____